EDNA W. SMITH *vs.* W. LOUIS FROST, *Ex.*

JULY 20, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of assumpsit to recover for personal services rendered by the plaintiff to Clara E. Hayward, late of the city of Cranston, deceased, hereinafter referred to as Mrs. Hayward. The jury returned a verdict for

the plaintiff in the sum of $960 with interest, amounting in all to $1113.60. A motion for a new trial was denied by the trial justice, and the case is now before this court on defendant's exceptions to the denial of that motion and to rulings made during the trial.

Mrs. Hayward, who was then over eighty years of age, died October 9, 1938. The plaintiff's claim is for services as a practical nurse from July 1937 to the date of Mrs. Hayward's death. All necessary preliminary steps prior to the bringing of this action were properly taken by the plaintiff. The declaration is in two counts. The first count is on an express contract, the plaintiff alleging that Mrs. Hayward agreed to pay her $30 a week for her services as a practical nurse. The second count sets out the common counts.

It appears in evidence that just prior to September 1935 the plaintiff, who was registered as a practical nurse, had been doing nursing and receiving therefor $30 a week for twelve hour duty. She testified that in September 1935 she was employed by Mrs. Hayward who, although advanced in years, was then in fairly good health, under an express agreement that she was to receive $15 a week as long as Mrs. Hayward remained well, but that in case the latter was taken sick the plaintiff was to have entire care of her and be paid nurse's wages. The plaintiff further testified that while $30 a week was the customary rate of pay for a practical nurse at that time, she agreed with Mrs. Hayward to accept $25 a week if she should be required to act as a nurse and take entire care of her.

According to plaintiff's testimony she worked for Mrs. Hayward under this agreement as housekeeper and companion from September 1935 to May 1936 when she was obliged to leave because of a temporary illness, and that at Mrs. Hayward's request she returned to her service in September 1936, at which time the latter reaffirmed, in substance, the agreement of September 1935. The only modification was that until the plaintiff was called upon to act as nurse for Mrs. Hayward she was to receive $10, instead of

$15, a week, such reduction being due to the fact that the plaintiff could not do the washing, as she previously had done.

In the summer of 1937 Mrs. Hayward had two shocks which caused her to be "limited in her walking and so forth". Thereafter the plaintiff not only continued to run the house, as before, but also acted as nurse for Mrs. Hayward continuously until the latter's death. During this period she was paid $10 a week regularly.

The plaintiff's claim in this case is for services as a practical nurse for sixty-four weeks at $25 a week, in accordance with her agreement. She seeks to recover the difference between the amount which she received at the rate of $10 a week, or $640, and the amount which she should have received for her services as nurse under the agreement, namely, $1600, the difference being $960, which was the amount of the jury's verdict without interest.

A close friend of Mrs. Hayward was a witness for the plaintiff and testified that she visited and stayed with Mrs. Hayward at various times; that in the summer of 1936, while Mrs. Hayward was writing to the plaintiff, she said: "I am trying to get Miss Smith back. I need her. She is the only one I want. If I am ever taken ill, she will get nurse's wages . . . ." This witness further testified that after the plaintiff returned to work for Mrs. Hayward the latter repeatedly told the witness how kind the plaintiff was; that she (Mrs. Hayward) could not get along without her; and that "Miss Smith was not being paid enough and she would have to put in her bill later."

The defendant testified that while Mrs. Hayward told him that the plaintiff was getting $10 a week she never mentioned any contract with Miss Smith, such as the latter testified to; that the day after Mrs. Hayward's funeral he talked with the plaintiff regarding certain household matters and that she then said nothing about a contract with Mrs. Hayward. It does not appear, however, that she was then asked any-

thing about a contract or about further payments for her services.

The testimony of a nephew of the deceased, who was the only other witness for the defendant, was to the effect that although Mrs. Hayward told him the amount of the plaintiff's weekly pay she did not mention any contract with the plaintiff. He also testified that later, when acting under a power of attorney from Mrs. Hayward after she had become seriously ill, he talked with the plaintiff at different times regarding the payment of her weekly wages and certain household expenses, and that she never referred to the contract upon which she now relies.

At the conclusion of all the evidence defendant moved for a directed verdict in his favor on the ground of a variance between the allegations in the plaintiff's declaration and her proof. His contention on this point was, in substance, that the plaintiff had declared upon an express contract for the payment to her of $30 a week, under certain circumstances, whereas her testimony was that a different contract was entered into, namely, one for $25 a week. He also argued that the plaintiff must prove the express contract she declared on, and also set out in her bill of particulars, in order to recover, and that proof of another and different contract would not support a recovery. The trial justice denied the defendant's motion, but did strike out the first count of the declaration and submitted the case to the jury on the common counts.

The defendant contends that the court erred in denying his motion for a directed verdict on both counts. He first argues, citing authorities, that ordinarily when a plaintiff has received wages at regular and stated periods there is a presumption, which is rebuttable, that the wages so received were in full payment for the services rendered, and that unless such presumption is overcome by proof of an agreement to pay additional compensation the plaintiff cannot recover. He then contends that in the instant case the above presumption was not rebutted by evidence of probative value,

since the first count was withdrawn from the consideration of the jury and all evidence respecting an express agreement introduced in support of said count was thus eliminated from the case.

We do not agree with the above contention. The defendant overlooks the fact that although the first count of the declaration was withdrawn from the consideration of the jury, because of an alleged variance as above pointed out, the plaintiff's evidence of the agreement between herself and Mrs. Hayward as to wages remained in the case, especially since no motion to strike it out was made. Assuming that the defendant has correctly stated the law upon which his contention rests, nevertheless it was for the jury to determine, under all the circumstances appearing herein, whether the presumption to which he refers was in fact rebutted by the evidence of a special agreement between the plaintiff and Mrs. Hayward. On defendant's motion for a directed verdict the trial justice cannot consider the credibility of the witnesses or the weight of the evidence.

Further, the case was tried on the theory that the plaintiff was seeking to recover on a special contract. It is well settled that when a contract has been fully performed and nothing remains to be done but the payment of the price agreed on, the plaintiff may declare specially on the contract, or he may rely on the common counts in *indebitatus assumpsit*. *Downing* v. *Grady*, 52 R. I. 83, and cases cited. If the jury believed the plaintiff's testimony that Mrs. Hayward had agreed to pay her $25 a week for her services as a nurse, and if they further found that the plaintiff had fully performed her part of the agreement, but that she had not been paid the entire amount agreed upon, the plaintiff was entitled to recover on the common counts any balance due under said agreement. It would have been error, therefore, to direct a verdict for the defendant on the common counts. This exception of the defendant is overruled.

The defendant, who saved no exception to the charge as given, presses exceptions to the denial of two requests to

charge. The first request, after referring to the presumption arising from periodical payments, states: ". . . and if that presumption is not rebutted by any affirmative proof to your satisfaction, your verdict should be for the defendant." The trial justice properly refused to so instruct the jury. The plaintiff, who was relying on a special contract, had the burden of proving that contract, but the requested charge, in its reference to affirmative proof to the jury's satisfaction, in our opinion went too far under the circumstances. Such a charge, if given, would have tended to mislead the jury by confusing a mere presumption with *prima facie* evidence. This exception is overruled.

The second request to charge was that if the jury found that "a fixed sum was paid regularly to plaintiff by or on behalf of Mrs. Hayward and that after Mrs. Hayward became ill plaintiff never made a suggestion that it was insufficient, plaintiff is not entitled to present a claim for additional compensation after the death of Mrs. Hayward and your verdict should be for the defendant." This request clearly invaded the province of the jury. The fact that the plaintiff never made the suggestion referred to in the request was not determinative of her right to have the jury decide, in the first instance, whether or not she was entitled to recover. Her failure to make such a suggestion was merely a circumstance for the jury to consider in connection with all the other evidence in the case. This exception is also overruled.

The defendant's next exception is to the denial of his motion for a new trial. He claims error on two grounds: First, that there was no clear and convincing evidence of probative value of an agreement between Mrs. Hayward and the plaintiff concerning payment of an additional sum as nurse's wages or as to the value of plaintiff's services; and secondly, that in passing upon such motion the trial justice misconceived and overlooked material evidence. In view of these contentions, we have carefully examined the evidence. After

such examination we do not agree with the defendant's contentions.

He does not deny that the plaintiff attended Mrs. Hayward as a nurse during the time stated, nor does he question in any way that her services were rendered continuously, capably, and conscientiously. Under these circumstances the important issue was the credibility of the plaintiff with reference to the alleged special agreement with Mrs. Hayward. This court has repeatedly held that claims against the estates of deceased persons for personal services performed under an alleged oral agreement, expressed or implied, require the closest scrutiny and that proof thereof in order to support a verdict against an estate must be clear and convincing. *Gorton* v. *Johnson,* 23 R. I. 138; *Paradise* v. *Rick,* 63 R. I. 207. See *Armour* v. *Doonan,* 55 R. I. 243, and cases cited.

In the instant case both the jury and the trial justice believed the plaintiff. Although the rescript of the trial justice shows some inaccuracies, nevertheless we are of the opinion that he did not base his decision denying the defendant's motion for a new trial on any misconception or overlooking of evidence or upon an erroneous view of the law. Moreover, our examination of the transcript and the reasonable inferences to be drawn therefrom leads us to the conclusion that the plaintiff has established her claim by clear and convincing evidence. This exception is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiff.

*Henry M. Boss,* for defendant.